IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WALTER L. CHANEY,**

      **Plaintiff,**

**v.**                                         **Case No. 4:20-cv-215-AW-MAF**

**JOHN W. BROOKS, et al.,**

      **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

I have considered the magistrate judge's Report and Recommendation. ECF No. 59. I have also considered de novo the issues raised in Plaintiff's objections. ECF No. 61. I agree with the magistrate judge: Defendants are entitled to summary judgment.

Plaintiff did not submit evidence from which a jury could conclude either Defendant violated his constitutional rights. In his response to the motion, and again in his objection to the Report and Recommendation, Plaintiff insists that all *allegations* in his complaint must be accepted as true, but that is not so. At the summary-judgment stage, after the movant shows the absence of a genuine issue of material fact, "the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence *beyond the pleadings*." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1315

1

(11th Cir. 2011) (emphasis added). At the summary-judgment stage, Plaintiff did not

meet that burden.

Plaintiff did submit exhibits, but only long after the magistrate judge issued

the report and recommendation. I decline to consider evidence submitted at that

stage—evidence the magistrate judge necessarily did not have before issuing his

report and recommendation. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.

2009) (noting that "[t]o require a district court to consider evidence not previously

presented to the magistrate judge would effectively nullify the magistrate judge's

consideration of the matter and would not help to relieve the workload of the district

court" (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)); *Lodge*

*v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (district court did

not abuse discretion in declining to consider evidence not presented to magistrate

judge before report and recommendation on summary judgment); *Rashad v. Fulton*

*County*, 851 F. App'x 924, 926 (11th Cir. 2021) (noting that "[w]ithout some reason

for that delay, we can't say that the district court abused its broad discretion by

declining to consider" evidence presented after magistrate judge issued report and

recommendation on summary judgment). I also decline to consider evidence not

cited in the parties' papers. *See* Fed. R. Civ. P. 56(c)(1) (parties must cite "particular

parts of materials in the record" to support their factual assertions and court "need

consider only the cited materials"); *see also* N.D. Fla. Loc. R. 56.1(F).

3

The Report and Recommendation (ECF No. 59) is adopted and incorporated into this order. Defendants' motion for summary judgment (ECF No. 49) is GRANTED. The clerk will enter a judgment that says, "This case was resolved on summary judgment. Plaintiff's claims are dismissed on the merits, and Plaintiff shall recover nothing." The clerk will then close the file.

SO ORDERED on March 25, 2022.

s/ *Allen Winsor*
United States District Judge